# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| QUANNAH HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OCWEN LOAN SERVICING, INC., | ) |
| BANK OF NEW YORK MELLON | ) |
| TRUST COMPANY, NATIONAL | ) |
| ASSOCIATION f/k/a THE BANK OF | ) Case No. 2:18-cv-02597-JTF-tmp |
| NEW YORK TRUST COMPANY, N.A., | ) |
| as Successor to JP MORGAN CHASE | ) |
| BANK, N.A., as TRUSTEE FOR | ) |
| RESIDENTIAL ASSET MORTGAGE | ) |
| PRODUCTS, INC. MORTGAGE | ) |
| ASSET-BACKED PASS-THRIGH | ) |
| CERTIFICATES SERIES 2006-RZ4 & | ) |
| SHAPIRO INGLE LLP, | ) |
| | ) |
|     Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

Before the Court is Plaintiff Quannah Harris's Motion to Vacate Judgment, filed on November 1, 2022. (ECF No. 66.) Defendant Ocwen Loan Servicing, LLC filed a Response on November 15, 2022. (ECF No. 67.) For the below reasons, the Motion to Vacate Judgment is **DENIED.**

### I.     FACTUAL AND PROCEDURAL HISTORY

The present motion comes nearly two years after judgment was entered in the underlying case and reflects its torturous procedural history. Plaintiff Quannah Harris filed the present case on August 30, 2018, asserting violations of the Fair Debt Collection Practices Act ("FDCPA").

(ECF No. 1.) In brief, Harris and her husband, Hanalei Harris, executed a mortgage on June 9, 2006 for $600,000 on a residential property. (ECF No. 66, 3.) Ultimately, the two defaulted on this loan and subsequent loan modifications, causing the Defendants to seek to foreclose on the property. (ECF No. 67, 2.) The Harrises subsequently filed no less than five separate cases seeking to prevent this foreclosure under various legal theories, including the FDCPA claims asserted here.[1] The Court dismissed all the claims in the present lawsuit and entered judgment for the Defendants on December 7, 2020. (ECF Nos. 54 & 55.) Harris then appealed to the Sixth Circuit Court of Appeals on January 4, 2021. (ECF No. 56.) The Sixth Circuit affirmed the Court's decision in an Order issued on February 7, 2022. (ECF No. 61.) Harris subsequently filed a petition for rehearing *en banc* with the Sixth Circuit and a petition for a writ of certiorari in the United States Supreme Court, both of which were denied. (ECF Nos. 62 & 65.) Less than a month after her petition for a writ of certiorari was denied, Harris filed the present motion, seeking to vacate the original judgment entered by the Court almost two years ago. (ECF No. 66.)

## II.     LEGAL STANDARD

Harris seeks relief from the judgment under Federal Rule of Civil Procedure 60(b), specifically 60(b)(1), (b)(3), (b)(4), and (b)(6). Rule 60(b) states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] These other cases include but are not limited to: *Harris v. Decision One Mortgage Co.*, No. 2:12-cv-02224-SHM-cgc; *Harris v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-02460-JTF-cgc; and *Harris v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-02224-SHM-cgc.

Motions brought under 60(b)(1)-(3) must be filed within one year of the final judgment from which relief is sought. Fed. R. Civ. P. 60(c)(1); *see also Billops v. Target Corp.*, 4:12-CV-15395-TGB-MKM, 2022 WL 16950260, at *2 (E.D. Mich. Nov. 15, 2022). Motions brought under 60(b)(4)-(6) must merely brought within "a reasonable time," which is measured from "when the movant is or should be aware of the factual basis for the motion." Fed. R. Civ. P. 60(c)(2); *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 249 (6th Cir. 2019). The reasonable time analysis depends on "the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Substantively, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

### III.     LEGAL ANALYSIS

Harris's motion relies on 60(b)(1), (b)(3), (b)(4), and (b)(6) as its bases for relief. However, as the motion was filed more than one year after the final judgment she seeks relief from was entered, she is prevented from proceeding under (b)(1) and (b)(3). *Ghaleb*, 770 F. App'x at 249. Accordingly, the Court will only consider her claims under (b)(4) and (b)(6).

Rule 60(b)(4) states that a party may receive relief from a judgment where that judgment is void. A judgment is not void merely because it is erroneous or incorrect. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Void judgments are so "only if the court that rendered [the judgment] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862; *see also Northridge Church v. Charter Tp. Of Plymouth*, 647 F.3d 606, 611

(6th Cir. 2011). Since a void judgment is a complete legal nullity, even the "reasonable time" limitation of Rule 60(b)(c) cannot be used as a basis to deny a proper motion to vacate under Rule 60(b)(4). *Id.* ("[E]ven the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion.").

Harris does not make a due process nor a jurisdictional argument regarding the underlying judgment. Instead, her argument on this point is merely that "there is no contractual privity between the Plaintiff and the Defendants claiming ownership to the property in the instant matter which makes the judgment entered in the instant matter as the basis for dismissal legally void[.]" (ECF No. 66, 15.) This is not an argument for a void judgment, but instead an argument for an incorrect judgment based on a legal conclusion with which Harris disagrees. This conclusion was reached by the Court and subsequently affirmed by the Sixth Circuit Court of Appeals. Harris alleges no new facts that would undermine this conclusion. Regardless, Rule 60(b)(4) would not be the proper procedure with which to challenge a finding of contractual privity. As Harris makes no proper argument under Rule 60(b)(4), the Court finds that it provides no basis for vacating the judgment here.

This leaves only Rule 60(b)(6) as a possible avenue of relief. This provision is "a catch-all provision, which allows a court to grant relief for any other reason that justifies relief" outside of those enumerated in the previous sections. *Info-Hold, Inc.*, 538 F.3d at 458. It applies only in "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule[.]" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

4

Harris's only argument under this provision is that "the overall substantive outcome of the matter due to the misapplication of the law in the instant matter clearly constitutes injustice warranting relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure." (ECF No. 66, 16.) This amounts to saying that Harris believes the judgment is incorrect and should be fixed. While Harris does cite cases about the Fourteenth Amendment's Due Process Clause under this section, she does not connect these cases to her argument or the facts of her case. As the defendants point out, "the law of the case" doctrine generally prohibits "parties from indefinitely relitigating the same issue that a court resolved in an earlier part of the case." (ECF No. 67, 4) (quoting *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022)). Without more, Harris's statements in this section functionally ask the court to relitigate all prior issues in the case, since she believes the court misapplied the law as a general matter. The Court declines to do so. Harris has not presented any new law or facts and has not even specified which conclusions in the judgment she believes are incorrect. She has not presented "an exceptional or extraordinary circumstance" to justify relief, but instead pointed out that she disagrees with the judgment. The Court has been made well aware of this disagreement. But the judgment has been affirmed by the Sixth Circuit Court of Appeals and without more, the Court cannot set it aside.

### IV. CONCLUSION

For the reasons above, Harris's Motion to Vacate Judgment is **DENIED**.

**IT IS SO ORDERED** on this the 11th day of January 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE